1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DIA LOR,                              No.  2:12-cv-0434 AC

12                  Plaintiff,

13         v.                              AMENDED ORDER

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,

15

16                  Defendant.

17         Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

18   ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title

19   XVI of the Social Security Act.  Plaintiff's motion for summary judgment and the

20   Commissioner's motion to remand are pending.  For the reasons discussed below, the court will

21   grant in part plaintiff's motion for summary judgment and will grant defendant's motion for

22   remand.

23                          PROCEDURAL BACKGROUND

24   A.    First Application for SSI

25         Plaintiff filed her first claim for SSI on September 30, 2005, alleging disability beginning

26   January 1, 2000 and asserting claims for a depressive disorder and post-traumatic stress disorder

27   ("PTSD").  See Administrative Record ("AR") 86.  That claim was denied initially and upon

28   reconsideration on January 25, 2007.  Id.  On February 4, 2008, plaintiff appeared for a hearing

                                           1

before administrative law judge ("ALJ") Mark C. Ramsey. Id. 86-96. In a decision dated April

4, 2008, the ALJ determined that plaintiff was not disabled under 1614(a)(3)(A) of the Act.[1] AR

80-86. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since September 30, 2005, the application date.
>
> 2. The claimant has the following severe impairment: a depressive disorder.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: a restriction to unskilled work. As described in Social Security Ruling 85-15, unskilled work

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).
The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

1    requires the ability (on a sustained basis) to understand, carry out,
2    and remember simple instructions, to respond appropriately to
     supervision, coworkers, and the usual work situations; and to deal
3    with changes in a routine work setting.

4    [5]. The claimant has no past relevant work.

5    [6]. The claimant was born on September 5, 1964 and was a
     younger individual age 18-49, on the date the application was filed.

6    [7]. The claimant is illiterate and is unable to communicate in
7    English.

8    [8]. Transferability of job skills is not an issue because the claimant
     does not have past relevant work.

9    [9]. Considering the claimant's age, education, work experience,
10   and residual functional capacity, there are jobs that exist in
     significant numbers in the national economy that the claimant can
11   perform.

12   AR 86-96.

13          While the administrative record before the undersigned is incomplete, what is before the

14   court suggests that the Appeals Council granted review of the ALJ's decision and remanded the

15   matter on February 20, 2009, see AR 157, though the record is silent as to what the ALJ was

16   directed to do on remand. Also, as explained more fully infra, it remains unclear whether this

17   first application was considered on rehearing.

18   B.      Second Application for SSI

19          On January 30, 2009, plaintiff filed a second application for SSI asserting a new claim.

20   See AR 12, 185. That application was denied initially and upon reconsideration on September

21   24, 2009. Id. 112-17. On September 1, 2010, plaintiff appeared at a hearing before a second

22   ALJ, Carol A. Eckersen. See id. 37-79.

23          At the hearing, ALJ Eckersen confirmed that she would be hearing both applications for

24   SSI (i.e., the first application filed on September 30, 2005, which was remanded by the Appeals

25   Council for further proceedings, and the second application filed on January 30, 2009):

26          ALJ: All right. We had some discussion before beginning
            the hearing about what was before me today and my understanding
27          is I am hearing the pending case, the request for hearing, as well as
            a remand from the appeals council. Is that your understanding as
28          well?

                                             3

1         ATTY: Yes, it is my understanding now. I had some
2 questions about that but it's been resolved in favor of the procedural
history you just gave.

3         ALJ: All right. I see that there's been the first filing in
September, 2005, that went to hearing and then to the appeals
4 council and has been remanded for the purpose of obtaining
additional evidence regarding a mental impairment, evaluation of
5 that mental impairment and if necessary a medical expert regarding
the nature and severity.

6

7         If not, I retained a medical expert today. I wanted to take
some testimony to determine whether that further information
8 would be necessary. And then we have the request for hearing –
and I believe that the request for hearing is based on the same
impairments as were alleged in the previous proceeding.

9

10 AR 41-42.

11     But in her decision dated October 18, 2010, the ALJ referred to the first application only

12 in passing:

13         On April 4, 2008, an Administrative Law Judge issued an
unfavorable decision was issued [sic] in connection with a prior
14 claim for Title XVI benefits. However, said decision was vacated
by Order of Appeals Council issued on February 20, 2009. As
15 such, the presumption of continuing non-disability, per
Acquiescence Ruling 97-4(9), has not been raised.

16

17 AR 12.

18     Furthermore, in the October 18, 2010 decision, in which ALJ Eckersen determined that

19 plaintiff was not disabled under 1614(a)(3)(A) of the Act, the ALJ made the following findings

20 (citations to 20 C.F.R. omitted) based on the second application date of January 30, 2009:

21         1. The claimant has not engaged in substantial gainful activity since
January 30, 2009, the application date.
22

23         2. The claimant has the following severe impairments: depressive
disorder; posttraumatic stress disorder; degenerative disc disease of
the lumbar spine; residual abdominal pain, status post caesarian
24 section; and headaches.

25         3. The claimant does not have an impairment or combination of
impairments that meets or medically equals one of the listed
26 impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

27         4. After careful consideration of the entire record, the undersigned
finds that the claimant has the residual functional capacity to
28 perform light work as defined in 20 C.F.R. 416,967(b) except she

can perform simple repetitive tasks involving no contact with the public.

5. The claimant has no past relevant work.

6. The claimant was born on September 5, 1964 and was 44 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant is not able to communicate in English, and is considered in the same way as an individual who is illiterate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

AR 9-23.

On December 27, 2011, the Appeals Council denied plaintiff's request for review, and the decision of the ALJ became the final decision of the Commissioner of Social Security.  AR 1-3. This second ALJ decision is currently before the undersigned.

STATEMENT OF THE FACTS

Born on September 5, 1964, plaintiff was 35 years old on the alleged onset date of disability, AR 185, and 45 years old at the time of the second administrative hearing, see AR 48. Plaintiff is a Hmong refugee who arrived in the United States on August 22, 1996 from a refugee camp in Thailand.  AR 49, 185, 262.  Plaintiff has no education and does not speak any English. AR 47, 262.  Plaintiff alleges disability beginning on January 1, 2000.  AR 185.

LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

1  more than a mere scintilla, but less than a preponderance.  <u>Saelee v. Chater</u>, 94 F.3d 520, 521 (9th

2  Cir. 1996).  "It means such evidence as a reasonable mind might accept as adequate to support a

3  conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consol. Edison Co. v.</u>

4  <u>N.L.R.B.</u>, 305 U.S. 197, 229 (1938)).

5        "The ALJ is responsible for determining credibility, resolving conflicts in medical

6  testimony, and resolving ambiguities."  <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1156 (9th Cir. 2001)

7  (citations omitted).  "Where the evidence is susceptible to more than one rational interpretation,

8  one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  <u>Thomas v.</u>

9  <u>Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002).

10                                          DISCUSSION

11        Plaintiff moves for summary judgment on the grounds that (1) this case is unreviewable

12  due to an incomplete administrative record, and the defect is unremediable because the record

13  includes ambiguity and probable mistake about the consolidation of plaintiff's two claims; (2)

14  there is no basis for the residual functional capacity determination; and (3) the ALJ failed to

15  provide "clear and convincing" or "specific and legitimate" reasons for rejecting the opinions of

16  two treating psychiatrists.

17        As to the first argument, plaintiff contends that this matter should be remanded first

18  because the Social Security Administration ("SSA") failed to follow its own guidelines regarding

19  the handling of multiple claims.

20        The SSA has developed its own handbook, the Hearings, Appeals and Litigation Law

21  Manual ("HALLEX"), that outlines the agency's policy when dealing with disability claims.

22  "HALLEX is strictly an internal Agency manual, with no binding legal effect on the

23  Administration or this court."  <u>Clark v. Astrue</u>, 529 F.3d 1211, 1216 (9th Cir. 2008).

24  Nevertheless, HALLEX is "entitled to respect . . . to the extent it has the power to persuade" the

25  court.  <u>Id.</u> (citations omitted).

26        HALLEX I-5-3-17-IIH addresses how a second application for benefits should be

27  processed after a claimant's first application has been remanded by the Appeals Council.  Per this

28  policy, a SSA hearing officer will associate the remanded first application with the pending

                                                6

1    second application, close the Hearing Office Tracking System record for the second application

2    as a technical dismissal, and process the remanded first application according to procedure.

3         It is evident that plaintiff's applications were not handled pursuant to this HALLEX

4    procedure.  The Ninth Circuit has noted, however, that it will not review allegations of

5    noncompliance with HALLEX.  See Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) ("[W]e

6    will not review allegations of noncompliance with the [HALLEX] manual.") (citing Western

7    Radio Services Co., Inc. v. Espy, 79 F.3d 896, 900 (9th Cir.) ("We will not review allegations of

8    noncompliance with an agency statement that is not binding on the agency."), cert. denied, 519

9    U.S. 822 (1996)).  Accordingly, the SSA's failure to follow its own guidelines does not support

10   remand.

11        Plaintiff next argues that this case should be remanded because the record is incomplete.

12   Standing alone, however, this is not cause for remand since a complete administrative record can

13   be filed by the Commissioner.

14        Lastly, plaintiff argues that remand is necessary due to the ambiguity in the record as to

15   whether her two applications for SSI were consolidated.  That is, while ALJ Eckersen referenced

16   the Appeals Council's mandate as to the first application at the September 1, 2010 hearing on

17   plaintiff's second application, the ALJ's October 18, 2010 decision only references the first

18   remanded application in passing, and it is unclear whether the ALJ in fact considered plaintiff's

19   first application at all in the October 18, 2010 decision.

20        The Commissioner concedes that the record is ambiguous and accordingly moves to

21   remand pursuant to sentence four of 42 U.S.C. § 405(g) to clarify whether plaintiff's two SSI

22   applications were consolidated and whether ALJ Eckersen considered both of plaintiff's SSI

23   applications during the September 1, 2010 hearing and in her October 18, 2010 decision.

24        Section four of § 405(g) authorizes a court to "enter, upon the pleadings and transcript of

25   the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

26   Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

27   Sentence six, on the other hand, authorizes a court, "on motion of the Commissioner of Social

28   Security made for good cause shown before the Commissioner files the Commissioner's answer,

1   [to] remand the case to the Commissioner of Social Security for further action by the

2   Commissioner of Social Security."  Id.  In a sentence six remand, the court "does not affirm,

3   modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the

4   administrative determination."  Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).  "Sentence six

5   remands may be ordered in only two situations: where the Commissioner requests a remand

6   before answering the complaint, or where new, material evidence is adduced that was for good

7   cause not presented before the agency."  Akopyan v. Barnhart, 296 F.3d 852, 854-55 (9th Cir.

8   2002) (citation omitted).  Sentence four remands, unlike sentence six remands, constitute final

9   judgments and therefore divest the court of jurisdiction.  See id.

10         Plaintiff objects to the Commissioner's motion to remand insofar as it is brought pursuant

11   to sentence four instead of sentence six.  Specifically, plaintiff objects to the potential that this

12   court would lose jurisdiction over this case if a remand is to be ordered.  The Commissioner could

13   not have moved for a sentence six remand, however, because she previously filed an answer.

14   And in the absence of new and material evidence, the undersigned is also limited to a sentence

15   four remand if remand is to be ordered at all.

16         Plaintiff next objects to the motion to remand to the extent the Commissioner seek a

17   remand for further hearing.  Plaintiff argues that a remand for another ALJ hearing would be

18   inequitable, as plaintiff's 2005 application has been pending for eight years.

19         As there is no disagreement that the record is ambiguous, the court finds remand

20   appropriate.  As to the type of remand to be ordered, it is noted that this case has come before the

21   court in an unusual procedural manner.  While the undersigned is sympathetic to plaintiff's

22   position that this matter has been pending since 2005 without resolution, the court cannot grant a

23   remand for payment of benefits without analysis on the merits of the of the underlying issues.

24   Such analysis is not appropriate, if it is even possible, on the present record.

25         Accordingly, IT IS HEREBY ORDERED that:

26         1.  Plaintiff's February 12, 2013 motion for summary judgment (ECF No. 20) is granted

27             in part;

28         2.  The Commissioner's June 10, 2013 motion for remand (ECF No. 27) is granted; and

3. This matter is remanded to the Commissioner with the following instructions:

> On remand, ALJ will consolidate the record relating to Plaintiff's September 30, 2005 SSI application with the record relating to the January 30, 2009 application. The ALJ will hear and consider evidence relating to both SSI applications. The ALJ will articulate findings concerning Plaintiff's entitlement to SSI benefits, if any, for the time periods relevant to both applications, i.e., September 1, 2005 through present.

4. This case is closed.

DATED: October 3, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;lor0434.ss

9