UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIA LOR, | No.  2:12-cv-0434 AC C |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the court on plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").  The Commissioner has not filed an opposition or otherwise responded to plaintiff's motion.

Plaintiff brought this action seeking judicial review of a final administrative decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act).  On October 3, 2013, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's motion in part, granted defendant's motion to remand, reversed the decision of the Commissioner and remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The court's decision was based upon the conclusion that the Administrative Law Judge ("ALJ") erred in drafting a decision that was ambiguous was to whether it was addressing one or

1

both of plaintiff's two applications for disability benefits.  The Commissioner, acknowledging the ambiguity, moved to remand.  Accordingly, plaintiff's motion for summary judgment was granted as to this single issue, and the Commissioner's motion for remand was granted.  The court remanded with direction to the ALJ to consolidate plaintiff's two applications for benefits.

On November 27, 2013, plaintiff filed a motion for attorney fees seeking a fee award of $2,752.62 for 15.25 hours of attorney time expended in connection with this action.  See ECF No. 32.  Defendant has not filed an opposition or otherwise responded to plaintiff's motion.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust."  Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]"  28 U.S.C. § 2412(d)(2)(B)(i).  The term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).  "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case."  Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.").  "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."  Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001).

1  Here, the court finds that plaintiff is the prevailing party.  Moreover, the court finds that
2  plaintiff did not unduly delay this litigation, and that her net worth did not exceed two million
3  dollars when this action was filed.  The court also finds that the position of the government was
4  not substantially justified.  See Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (position of
5  the government "includes both the government's litigation position and the underlying agency
6  action giving rise to the civil action."); Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998)
7  ("While the government's defense on appeal of an ALJ's procedural error does not automatically
8  require a finding that the government's position was not substantially justified, the defense of
9  basic and fundamental errors such as the ones in the present case is difficult to justify.");
10 Sampson v. Chater, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding no substantial justification
11 where the Commissioner "did not prove that her position had a reasonable basis in either fact or
12 law" and "completely disregarded substantial evidence" of the onset of disability).  Because the
13 government's underlying position was not substantially justified, the undersigned need not
14 address whether the government's litigation position was justified.  Meier, 727 F.3d at 872.

15 The EAJA expressly provides for an award of "reasonable" attorney fees.  28 U.S.C. §
16 2412(d)(2)A).  Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since
17 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost
18 of living.[1]  See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir.
19 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998).  Determining a reasonable fee
20 "'requires more inquiry by a district court than finding the product of reasonable hours times a
21 reasonable rate.'"  154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)
22 (internal citations omitted)).  The district court must consider "'the relationship between the
23 amount of the fee awarded and the results obtained.'"  Id. at 989 (quoting Hensley, 461 U.S. at
24 437).  Plaintiff here has used the Ninth Circuit's 2011 EAJA rate of $180.59.  28 U.S.C. §

---

[1] In accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be found on the Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff's requested rates are consistent with the statutory maximum rates established by the Ninth Circuit.

2412(d)(2)(A); Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005); Ninth Circuit Rule of Appellate Procedure 39-1.6. The Commissioner does not oppose this hourly rate, and the court does not find any basis to reduce the hourly rate requested.

After carefully reviewing the record and the pending motion, the court finds that the claimed 15.25 hours to be a reasonable amount of attorney time to have expended on this matter and declines to conduct a line-by-line analysis of counsel's billing entries. See, e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Vallejo v. Astrue, No. 2:09-cv-3088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); Destefano v. Astrue, No. 05-cv-3534, 2008 WL 623197, at *4 (E.D.N.Y. Mar. 4, 2008). This amount of time can be fairly characterized as well within the limit of what would be considered a reasonable amount time spent on this action when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court. See Boulanger v. Astrue, 2:07-cv-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, 2:06-cv-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); Dean v. Astrue, No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to be a reasonable amount of time).

Insofar as plaintiff's motion can be construed to include a request that any EAJA fees awarded be paid directly to plaintiff's attorney, the court notes that, prior to the filing of plaintiff's motion, the United States Supreme Court ruled that an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. Astrue v. Ratliff, 560 U.S. 586, 130 S. Ct. 2521, 2526-27, 2529 (2010). Subsequent to the decision in Ratliff, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. See Blackwell v. Astrue, 2:08-cv-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, 2:09-cv-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011);

Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, 09-cv-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by making the fees and expenses payable directly to counsel.  The court will incorporate such a provision in this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 32) is granted;

2. Plaintiff is awarded $2,752.62 for attorney fees under 28 U.S.C. § 2412(d); and

3. Defendant shall determine whether plaintiff's EAJA attorneys' fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

DATED: March 4, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5